V. James DeSimone, SBN 119668
Kunti Dudakia, SBN 279090
SCHONBRUN DESIMONE SEPLOW HARRIS & HOFFMAN LLP
723 Ocean Front Walk
Venice, California 90291-3270
Telephone: (310) 396-0731
Fax: (310) 399-7040
vjdesimone@sdshhlaw.com
kdudakia@sdshhlaw.com

Attorneys for Plaintiffs, TUSHANA HOWARD, individually, and as Special Administrator of the Estate of Vachel Howard Sr., and TAWNY HOWARD, TANEYA HOWARD, VACHEL HOWARD, JR., ANGELA NISHIKAWA, SKYE HOWARD, JOHNNIE HOWARD, SR., individually.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

TUSHANA HOWARD, individually, and as Special Administrator of the Estate of Vachel Howard Sr., decedent, and TAWNY HOWARD, TANEYA HOWARD, VACHEL HOWARD, JR., ANGELA NISHIKAWA, SKYE HOWARD, and JOHNNIE HOWARD, SR., individually.

Plaintiffs,

v.

CITY OF LOS ANGELES, Police Officer Richard Fox, Police Officer Maryann Bunag, Detention Officer Juan Romero, individually, Police Chief CHARLIE BECK, in his individual and official capacity,

Defendants.

CASE NO. CV13-01847 SJO (JEMx)

**THIRD AMENDED COMPLAINT FOR DAMAGES**

**DEMAND FOR JURY TRIAL**

1. Unreasonable Use of Deadly Force and Denial of Medical Care (42 U.S.C. § 1983)
2. Deprivation of Life Without Due Process (42 U.S.C. § 1983)
3. Interference with Parent-Child Relationship (42 U.S.C. § 1983)
4. Wrongful Death (Cal. Civ. Proc. Code § 377.60)
5. Battery
6. Negligence
7. Violation of Bane Act

Tushana Howard, in her individual capacity and as Special Administrator of the Estate of Vachel Howard, Sr., decedent, and in their individual capacities, Tawny Howard, Taneya Howard, Vachel Howard, Jr., Angela Nishikawa, Skye Howard, and Johnnie Howard Sr. ("Plaintiffs"), upon information and belief, allege the following:

## INTRODUCTION

1. This case challenges the abusive treatment and use of excessive force that lead to the unjustified killing of Plaintiffs' father and son, Vachel Howard ("Mr. Howard"). While being held in custody at the Los Angeles Police Department 77th Street Area Regional Jail Facility ("77th Street Jail"), Mr. Howard was tased over five times, thrown to the ground, physically restrained by multiple officers, placed in a hobble restraint and handcuffed and then placed in a fatal choke hold, all while possibly suffering from cardiac arrest. Mr. Howard posed no imminent threat of death or physical injury to the officers present, or to anyone else. The use of deadly force against Mr. Howard by Defendants under these circumstances was both unconstitutional and violated clearly established law that would have been known to any reasonable police officer.

## JURISDICTION AND VENUE

2. This case arises under 42 U.S.C. §1983 and California law. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331. This Court has supplemental jurisdiction over Plaintiffs' pendent state law claims under 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. §1391 (b) and (e) in that (1) the unlawful actions challenged herein occurred in the Central District; and (2) all of the parties reside in the Central District.

///

///

**PARTIES**

4. Plaintiff Tushana Howard, as Special Administrator of the Estate brings all survival claims under state and Federal law on behalf of decedent, Mr. Howard. Plaintiff Howard also brings wrongful death claims under state law on behalf of the heirs of decedent, Mr. Howard. Plaintiffs bring a claim under 42 U.S.C. §1983 in their individual capacity only for interference with the parent-child relationship.

5. Plaintiff Tushana Howard brings this action also as the Special Administrator of the Estate. She was appointed on April 18, 2014 and is tasked with distributing the assets to the beneficiaries or the heirs of the estate since Mr. Howard died intestate. Plaintiff Tushana Howard has complied with any applicable tort claim requirements in that she timely filed a Claim for Damages pertaining to the death of her father on or about November 20, 2012 and it was rejected by the City of Los Angeles on December 11, 2012. Plaintiff filed her Complaint in United States District Court on March 13, 2013, well within the six month deadline from the rejection of the claim.

6. At all relevant times, Plaintiffs and their father/son Mr. Howard were residents of Los Angeles County, California.

7. Plaintiffs are further informed and believe that minor children, Kaylon Howard and Kayshon Howard, may be the children of decedent Vachel Howard but have no personal knowledge of whether they are. Plaintiffs are informed and believe, and thereon allege that the minor children, Kaylon and Kashon Howard, are separately represented and will file a lawsuit through their Mother and Guardian Ad Litem, Georgia Lignon Compton. Plaintiffs are further informed that Vachel Howard's mother, Irma Howard, is separately represented, and has filed a lawsuit on her own behalf.

8. Defendant City of Los Angeles ("Los Angeles") is a municipality duly organized under the laws of the State of California. At all relevant times, Police Officer Richard Fox, Police Officer Maryann Bunag, Detention Officer Juan

Romero were officers and employees of Los Angeles. Liability under California law for Defendant Los Angeles and its employees, including the individually named defendants, is based upon California Government Code § 815.2 and § 820, Penal Code §§ 149, 240 and/or 242 and/or Civil Code §§ 43 and/or 52.1. Plaintiff Tushana Howard, Special Administrator for the Estate, timely filed a tort claim with Defendant Los Angeles and has complied with the requirements of the California Tort Claims Act.

9. Plaintiffs are informed and believe and thereon allege that at all relevant times, Defendant Charlie Beck (Beck) was the Chief of Police of the Los Angeles Police Department (LAPD) and is responsible for supervising all LAPD officers, for making sure that complaints of excessive force are adequately investigated and that appropriate corrective action is taken and for maintaining and implementing the policies regarding the use of force by the LAPD and is directly responsible for Plaintiffs' damages. Defendant Beck is sued in his individual and official capacity on all claims.

10. At all relevant times, Police Officer Richard Fox, Police Officer Maryann Bunag, and Detention Officer Juan Romero, were duly authorized employees and agents of the Los Angeles Police Department ("LAPD"), acting under color of law within the course and scope of their respective duties as LAPD police officers and with the complete authority and ratification of Defendant Los Angeles. Each Defendant is responsible for some part of the conduct and liabilities alleged herein.

11. Plaintiffs are informed and believe and thereon allege that each Defendant is, and at all times mentioned was, the agent, employee, representative, successor and/or assignee of each other Defendant. Each Defendant, in doing the acts, or in omitting to act as alleged in this Complaint, was acting within the scope of his or her actual or apparent authority or the alleged acts and omission of each Defendant as agent subsequently were ratified and adopted by each other Defendant

as principal. Plaintiffs are informed and believe that each of the individual Defendants was in some way responsible for the constitutional violations and torts alleged in this complaint.

12. In committing the acts alleged in this complaint, Defendants acted knowingly, maliciously, and with reckless or callous disregard for the constitutional rights of Plaintiffs and of Plaintiffs' father/son Mr. Howard, justifying an award of punitive damages under federal and California law against each individual Defendant.

13. Hereafter, references to ("Defendants") are deemed to include all named individual Defendants, unless otherwise indicated.

## **MONELL ALLEGATIONS**

14. Based upon the principles set forth in *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978), Los Angeles is liable for all injuries sustained by Plaintiffs as set forth herein. Los Angeles bears liability because its policies, practices and/or customs were a cause of Mr. Howard's death and Plaintiffs' injuries. Los Angeles and its officials maintained or permitted one or more of the following official policies or customs:

A. Failure to provide adequate training and supervision to police officers with respect to constitutional limits on the use of deadly force;

B. Failure to provide adequate training and supervision to police officers with respect to constitutional limits on use of force and detention;

C. Failure to adequately investigate, take appropriate corrective action, discipline or retrain officers involved in misconduct;

D. Selection, retention, and assignation of officers with demonstrable propensities for excessive force, violence, dishonesty, and other misconduct;

E. Condonation and encouragement of officers in the belief that they can violate the rights of persons such as Mr. Howard with impunity, and that such

conduct will not adversely affect their opportunities for promotion and other employment benefits.

F. Ratification by the highest levels of authority of the specific unconstitutional acts alleged in this complaint and, in particular, the ratification of the use of force and wrongful death of Vachel Howard.

## FACTUAL ALLEGATIONS

15. On June 4, 2012, Police Officers Richard Fox, Police Officer Maryann Bunag, and Detention Officer Juan Romero tased, physically restrained and fatally choked Mr. Howard to death (and/or ratified these actions) while he was being held in custody at the Los Angeles Police Department 77th Street Jail. While in the officers' care and custody, Mr. Howard was repeatedly tased and forcibly held to the ground by these police officers who applied their bodyweight and used other forceful tactics. Subsequently, despite the fact that Mr. Howard was fully restrained by several officers, and possibly suffering from cardiac arrest, Officer Romero applied a fatal choke hold to Mr. Howard. Only after Mr. Howard was handcuffed and hobble-restrained did nursing staff initiate medical treatment to revive Mr. Howard after he visibly stopped moving and breathing. Upon arrival to the hospital, unknown officers informed hospital personnel that Mr. Howard went into cardiac arrest as a result of being tased, but withheld information regarding the application of the choke hold. Based on the officers' information, hospital staff attempted life saving measures but were ultimately unable to resuscitate Mr. Howard who was pronounced dead.

16. Before his death, Mr. Howard was a loving son, brother, father, and grandfather. His death has been devastating to his family, especially to his parents and children. He was an energetic and athletic man who enjoyed the saxophone, playing baseball, and restoring classic cars.

**FIRST CLAIM FOR RELIEF**

**Unreasonable Use of Excessive and Deadly Force and Denial of Medical Care**

**(42 U.S.C. § 1983)**

**(By Plaintiff Tushana Howard as Special Administrator for the Estate)**

**(Against Defendant City of Los Angeles, Police Officer Richard Fox, Police Officer Maryann Bunag and Detention Officer Juan Romero)**

17. Plaintiff incorporates by reference each and every allegation contained in the foregoing paragraphs.

18. Defendants' use of deadly force was both excessive and unreasonable under the circumstances. Defendants' unjustified killing of Mr. Howard deprived him of his rights under the Fourth and Fourteenth Amendments. Plaintiff, as Mr. Howard's heir, has the right and standing to assert Mr. Howard's claim for this violation of his Fourth and Fourteenth Amendment rights.

19. Defendants' unlawful use of deadly force caused Mr. Howard extreme pain and suffering, and loss of life, earning capacity and his relationship with his parents, friends and family. Defendants' actions also deprived Plaintiff of her life-long love, companionship, support, society, care, and sustenance of her father Mr. Howard, and will continue to be so deprived for the remainder of her life.

20. Defendants knew that failure to provide timely medical treatment to Mr. Howard could result in further significant injury or the unnecessary and wanton infliction of pain, but disregarded that serious medical need, causing him great bodily harm and death. In particular, Defendants took actions which caused him to go into a state of cardiac arrest and then delayed resuscitation attempts until after Mr. Howard was handcuffed and bound, withholding vital information from hospital personnel regarding the full extent of Mr. Howard's injuries, which made it difficult for medical personnel to provide the timely medical treatment Mr. Howard required to survive his injuries.

21. As a result of their conduct, Defendants are liable for Mr. Howard's

injuries, either because they were integral participants in the excessive use of force, or because they failed to intervene to prevent these violations.

22. The claim against Defendant Los Angeles and Police Officer Richard Fox, Police Officer Maryann Bunag, Detention Officer Juan Romero is based upon Plaintiff's allegations that Los Angeles' policies, practices or customs were a cause of the injuries suffered by Mr. Howard and Plaintiff herein, and as set forth above.

23. As a direct and legal result of Defendants' acts and omissions, Plaintiff suffered damages, including, without limitation, loss of earnings and earning capacity, loss of enjoyment of life, pain and suffering, physical injuries and sickness, emotional distress, medical expenses, funeral and burial expenses, attorneys' fees, costs of suit, other pecuniary losses not yet ascertained and the loss of Mr. Howard's love, affection, society and companionship.

24. Plaintiff is informed and believes and thereon alleges that the acts of the individual Defendants were willful, malicious, intentional, oppressive, reckless and/or were done in willful and conscious disregard of Plaintiff's rights, welfare and safety of her father, justifying the awarding of punitive and exemplary damages in an amount to be determined at time of trial.

25. Plaintiff Tushana Howard brings this claim as the Special Administrator for the Estate of Mr. Howard. Plaintiff also seeks attorneys' fees under this claim.

///

///

///

**SECOND CLAIM FOR RELIEF**

**Deprivation of Life Without Due Process**

**(42 U.S.C. § 1983)**

**(By Plaintiff Tushana Howard as Special Administrator for the Estate)**

**(Against Defendant City of Los Angeles, Police Officer Richard Fox, Police Officer Maryann Bunag and Detention Officer Juan Romero)**

26. Plaintiff incorporates by reference each and every allegation contained in the foregoing paragraphs.

27. Defendants acted within the course and scope of their duties as LAPD officers when they wrongfully killed Mr. Howard. Mr. Howard posed no imminent threat of danger to Defendants or anyone else. He was unarmed and restrained by multiple police officers when Officer Romero placed Mr. Howard in a deadly choke hold without justification after being tased more than five times. The officers' actions deprived Mr. Howard of his life without due process of law.

28. Defendants' deprivation of Mr. Howard's life without due process of law caused him extreme pain and suffering, and loss of life, earning capacity and his relationship with his parents, children, and friends. Defendants' actions also deprived Plaintiff of the life-long love, companionship, support, society, care, and sustenance of her father Mr. Howard, and will continue to be so deprived for the remainder of her life.

29. As a result of their conduct, Defendants are liable for Mr. Howard's injuries, either because they were integral participants in the deprivation of life without due process, or because they failed to intervene to prevent these violations.

30. The claim against Defendant Los Angeles and Police Officer Richard Fox, Police Officer Maryann Bunag, Detention Officer Juan Romero is based upon Plaintiff's allegations that Los Angeles' policies, practices or customs were a cause of the injuries suffered by Mr. Howard and Plaintiff herein, and as set forth above.

31. As a direct and legal result of Defendants' acts and omissions, Plaintiff

suffered damages, including, without limitation, loss of earnings and earning capacity, loss of enjoyment of life, pain and suffering, physical injuries and sickness, emotional distress, medical expenses, funeral and burial expenses, attorneys' fees, costs of suit, other pecuniary losses not yet ascertained and the loss of Mr. Howard's love, affection, society and companionship.

32. Plaintiff is informed and believes and thereon alleges that the acts of the individual Defendants were willful, malicious, intentional, oppressive, reckless and/or were done in willful and conscious disregard of Plaintiff's rights, welfare and safety and those of her father, justifying the awarding of punitive and exemplary damages in an amount to be determined at time of trial.

33. Plaintiff Tushana Howard brings this claim as the Special Administrator for the Estate of Mr. Howard. Plaintiff also seeks attorneys' fees under this claim.

**THIRD CLAIM FOR RELIEF**

**Interference with Parent-Child Relationship**

**(42 U.S.C. § 1983)**

**(By Plaintiffs in their individual capacities)**

**(Against Defendant City of Los Angeles, Police Officer Richard Fox, Police Officer Maryann Bunag and Detention Officer Juan Romero)**

34. Plaintiffs incorporate by reference each and every allegation contained in the foregoing paragraphs.

35. By wrongfully killing Mr. Howard while he was unarmed and in police custody, Defendants deprived Plaintiffs of their Fourteenth Amendment right to a familial relationship with Mr. Howard. Defendants acted with deliberate indifference to Plaintiffs' rights and/or their unlawful conduct shocks the conscience.

36. Defendants' interference with the parent-child relationship caused Mr.

Howard extreme pain and suffering, loss of life and earning capacity. Defendants' actions also deprived Plaintiffs of the life-long love, companionship, support, society, care, and sustenance of their father/son Mr. Howard, and they will continue to be so deprived for the remainder of their lives.

37. As a result of their conduct, Defendants are liable for Mr. Howard's injuries and loss of life, either because they were integral participants in the interference with the parental-child relationship, or because they failed to intervene to prevent these violations.

38. The claim against Defendant Los Angeles and Police Officer Richard Fox, Police Officer Maryann Bunag, and Detention Officer Juan Romero is based upon Plaintiffs' allegations that Los Angeles' policies, practices or customs were a cause of the injuries suffered by Mr. Howard and Plaintiffs herein, as set forth above.

39. As a direct and legal result of Defendants' acts and omissions, Plaintiffs suffered damages, including, without limitation, loss of earnings and earning capacity, loss of enjoyment of life, pain and suffering, physical injuries and sickness, emotional distress, medical expenses, funeral and burial expenses, attorneys' fees, costs of suit, other pecuniary losses not yet ascertained and the loss of Mr. Howard's love, affection, society and companionship.

40. Plaintiffs are informed and believe and thereon allege that the acts of the individual Defendants were willful, malicious, intentional, oppressive, reckless and/or were done in willful and conscious disregard of Plaintiffs' rights, welfare and safety and those of their father/son, justifying the awarding of punitive and exemplary damages in an amount to be determined at time of trial.

41. Plaintiffs bring this claim in their individual capacities and seek damages under federal law for the violation of their rights as parent and children of the decedent. Plaintiffs also seeks attorneys' fees under this claim.

//

**FOURTH CLAIM FOR RELIEF**

**Wrongful Death**

**(Cal. Civ. Proc. Code § 377.60)**

**(By Plaintiff Tushana Howard in her capacity as Special Administrator of the Estate)**

**(Against Defendant City of Los Angeles, Police Officer Richard Fox, Police Officer Maryann Bunag and Detention Officer Juan Romero)**

42. Plaintiff incorporates by reference each and every allegation contained in the foregoing paragraphs.

43. Defendants killed Mr. Howard despite the absence of an imminent threat of death or physical injury to themselves or others. Mr. Howard was unarmed and restrained by several officers when the fatal choke hold was applied. Because Mr. Howard died intestate and unmarried, Plaintiffs are the proper persons to sue for his wrongful death under California state law.

44. Plaintiff Tushana Howard brings this claim on behalf of the heirs of Mr. Howard as the Special Administrator of the Estate of Mr. Howard. Plaintiff Tushana Howard asserts this wrongful death action against all Defendants pursuant to C.C.P. §§ 377.60 *et seq.* This claim is based upon the fact that Defendants' negligent, reckless and wrongful acts and omissions, as alleged herein, were a direct and legal cause of Mr. Howard's death and the resulting damages to Plaintiff. As a result of their conduct, Defendants are liable for Plaintiff's injuries, either because they were integral participants in the wrongful conduct, or because they failed to intervene to prevent these violations.

45. Plaintiff is informed and believes and thereon alleges that the acts of the individual Defendants were willful, malicious, intentional, oppressive, reckless and/or were done in willful and conscious disregard of Plaintiff's rights, welfare and safety and those of their father/son, justifying the awarding of punitive and

exemplary damages in an amount to be determined at time of trial.

46. As a direct and legal result of Defendants' acts and omissions, Plaintiff suffered damages, including, without limitation, loss of earnings and earning capacity, loss of enjoyment of life, pain and suffering, physical injuries and sickness, emotional distress, medical expenses, funeral and burial expenses, attorneys' fees, costs of suit, other pecuniary losses not yet ascertained and the loss of Mr. Howard's love, affection, society and companionship.

47. Plaintiff Tushana Howard brings this claim as the Special Administrator for the estate of Mr. Howard and seeks wrongful death damages and remedies available under state law.

## FIFTH CLAIM FOR RELIEF

**Battery**

**(By Plaintiff Tushana Howard in her capacity as Special Administrator of the Estate)**

**(Against All Defendants)**

48. Plaintiff incorporates by reference each and every allegation contained in the foregoing paragraphs.

49. Defendants, while working as police officers for Los Angeles and acting within the course and scope of their duties, intentionally tased Mr. Howard multiple times and applied a fatal choke hold. Several deployments of a taser and application of the choke hold were unreasonable uses of force against Mr. Howard to which he did not consent, and therefore constitute battery against Mr. Howard.

50. Defendants' battery caused Mr. Howard extreme pain and suffering, and loss of life and earning capacity. Defendants' actions also deprived Plaintiff of the life-long love, companionship, support, society, care, and sustenance of their father Mr. Howard, and they will continue to be so deprived for the remainder of their

lives.

51. Plaintiff Tushana Howard brings this claim on behalf of the heirs of Mr. Howard as the Special Administrator of the Estate of Mr. Howard. As a direct and legal result of Defendants' acts and omissions, Plaintiff suffered damages, including, without limitation, loss of earnings and earning capacity, loss of enjoyment of life, pain and suffering, physical injuries and sickness, emotional distress, medical expenses, funeral and burial expenses, attorneys' fees, costs of suit, other pecuniary losses not yet ascertained and the loss of Mr. Howard's love, affection, society and companionship.

52. Plaintiff is informed and believes and thereon alleges that the acts of the individual Defendants were willful, malicious, intentional, oppressive, reckless and/or were done in willful and conscious disregard of the rights, welfare and safety of plaintiff, thereby justifying the awarding of punitive and exemplary damages in an amount to be determined at time of trial.

53. As a result of their conduct, Defendants are liable for Mr. Howard's injuries, either because they were integral participants in the battery, or because they failed to intervene to prevent these violations.

54. Plaintiff Tushana Howard brings this claim as the Special Administrator for the estate of Mr. Howard and seeks damages and remedies available under state law.

///

///

///

**SIXTH CLAIM FOR RELIEF**

**Negligence**

**(By Plaintiff Tushana Howard in her capacity as Special Administrator of the Estate)**

**(Against All Defendants)**

55. Plaintiff incorporates by reference each and every allegation contained in the foregoing paragraphs.

56. Defendants owed a duty of care toward Mr. Howard and were required to use reasonable diligence to ensure that Mr. Howard was not harmed by Defendants' acts or omissions. Defendants' actions and omissions were negligent and reckless, including but not limited to:

(a). the failure to properly assess and/or supervise the need to use force or deadly force against Mr. Howard;

(b). the negligent tactics and handling of the situation with Mr. Howard;

(c). the negligent use of force, including deadly force, against Mr. Howard;

(d). the failure to properly train, supervise and discipline employees, including the individual Defendants;

(e). the failure to provide timely medical assistance to Mr. Howard; and

(h). the negligent hiring, retention and assignment of its employees, including the individual defendants.

57. Defendants' conduct caused Mr. Howard, without limitation, extreme pain and suffering, and loss of life, enjoyment of life and earning capacity. Defendants' actions also deprived Plaintiff of the life-long love, companionship, support, society, care, and sustenance of her father Mr. Howard, and they will

continue to be so deprived for the remainder of her life.

58. As a result of their conduct, Defendants are liable for Mr. Howard's injuries because they were integral participants in the negligence, or because they failed to intervene to prevent these violations.

59. Plaintiff Tushana Howard brings this claim as the Special Administrator for the estate of Mr. Howard and seeks damages and remedies available under state law.

**SEVENTH CLAIM FOR RELIEF**

**Violation of Bane Act**

**(Cal. Civil Code § 52.1)**

**(By Plaintiff Tushana Howard in her capacity as Special Administrator of the Estate)**

**(Against All Defendants)**

60. Plaintiff incorporates by reference each and every allegation contained in the foregoing paragraphs.

61. As alleged herein, Defendants interfered by threats, intimidation, or coercion with Mr. Howard's rights under state and federal laws and under the state and federal Constitution including, without limitation, the right to be free from excessive force, the right to due process, and the right to bodily integrity, including their rights under Civil Code Section 43, Penal Code Sections 149, 240 and 242, and his rights under the Fourth and Fourteenth Amendments to the United States Constitution and their rights under Article 1, Sections 1, 7 and/or 13 of the California Constitution.

62. Defendants' conduct caused Mr. Howard extreme pain and suffering, and loss of life, earning capacity and his relationship with his parents, friends and family. Defendants' actions also deprived Plaintiff of the life-long love,

companionship, support, society, care, and sustenance of her father Mr. Howard, and will continue to be so deprived for the remainder of her life.

63. As a result of their conduct, Defendants are liable for Mr. Howard's injuries, either because they were integral participants in the misconduct, or because they failed to intervene to prevent these violations.

64. As a direct and legal result of Defendants' acts and omissions, Plaintiff suffered damages, including, without limitation, loss of earnings and earning capacity, loss of enjoyment of life, pain and suffering, physical injuries and sickness, emotional distress, medical expenses, funeral and burial expenses, attorneys' fees, costs of suit, other pecuniary losses not yet ascertained and the loss of Mr. Howard's love, affection, society and companionship.

65. Plaintiff is informed and believes and thereon alleges that the acts of the individual Defendants were willful, malicious, intentional, oppressive, reckless and/or were done in willful and conscious disregard of the rights, welfare and safety of Plaintiff, thereby justifying the awarding of punitive and exemplary damages in an amount to be determined at time of trial.

66. Plaintiff Tushana Howard brings this claim as the Special Administrator for the estate of Mr. Howard and seeks damages and remedies available under state law. Plaintiff also seeks reasonable attorneys' fees under this claim.

///

///

///

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs request entry of judgment in their favor and against Defendants as follows:

a. For compensatory damages, including both survival damages and wrongful death damages under federal and state law, and interest, in an amount to be determined at trial;

b. For punitive damages against individual Defendants in an amount to be proven at trial;

c. For reasonable costs of this suit and attorneys' fees; and

d. For such further relief as the Court may deem just, proper, and appropriate.

Dated: May 20, 2014

SCHONBRUN DESIMONE SEPLOW HARRIS & HOFFMAN

By: /s/ Kunti Dudakia
V. James DeSimone
Kunti Dudakia
Attorneys for Plaintiffs

**DEMAND FOR JURY TRIAL**

Plaintiffs hereby respectfully demand a trial by jury on all issues and claims.

Dated: May 20, 2014

By: /s/ Kunti Dudakia
V. James DeSimone
Kunti Dudakia
Attorneys for Plaintiffs